In the Matter of the Application of ANNA GILBERT, Petitioner, Respondent, for an Order against PAUL J. KERN, President, and Others, as Commissioners, Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

First Department, December 2, 1938.

*James Hall Prothero* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*Albert de Roode*, for the respondent.

COHN, J. This is an appeal from an order denying defendants' motion to vacate a demand for a bill of particulars. The application was made in a proceeding brought by petitioner under article 78 of the Civil Practice Act to compel defendants to list her as a permanent instead of a temporary social investigator. Defendants, who constitute the municipal civil service commission for the city of New York, filed an answer and the case is to be tried on the issues presented under an alternative order. The commission denied that petitioner had a permanent appointment and averred that she had never received any such appointment up to the time that the list upon which her name appeared had expired by operation of law.

The particulars demanded cover almost every fact contained in the answer. They include requests for copies of eligible lists, of notices of certification, of declinations, of correspondence and of rules and resolutions of the commission. We think it would cause an unnecessary hardship upon defendants to require them to prepare and to serve such a bill of particulars without any resulting advantage to petitioner. The specifications desired may be ascertained by petitioner in the records of defendants upon inspection. In any event, the production of all relevant civil service records may be commanded by subpœna *duces tecum* at the trial.

In civil service cases of this kind, where the return sufficiently apprises the petitioner of the contentions that defendants will make upon the trial, the courts, in the exercise of their discretion, should not require a bill to be served. Such has been the practice in the past (*Matter of Block* v. *Kern*, 254 App. Div. 859), and we have observed no instance where, in a similar case, a petitioner was prejudiced by proceeding without a bill of particulars.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., and GLENNON, J., concur; O'MALLEY and UNTERMYER, JJ., dissent.

Order reversed, with twenty dollars costs and disbursements, and motion granted.